## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Raymond Roosa, | Civil Action No: 2:21-cv-20446 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| -v.- | |
| First National Collection Bureau, Inc., Resurgent Capital Services L.P., CACH, LLC, | |
| Defendant(s). | |

Plaintiff Raymond Roosa (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant First National Collection Bureau, Inc. (hereinafter referred to as "Defendant First National"), Defendant Resurgent Capital Services L.P. (hereinafter referred to as "Defendant Resurgent"), and Defendant CACH, LLC, (hereinafter referred to as "Defendant CACH"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred, including but not limited to the underlying judicial action involving the debt at issue herein.

## NATURE OF THE ACTION

5.      Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Pennsylvania, County of Lackawanna.

8.      Defendant First National is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with principal place of business of 50 West Liberty Street, Suite 250, Reno, Nevada 89501, and an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

9.      Upon information and belief, Defendant First National uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.      Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA, with a principal place of business in Richland County, South Carolina, and is registered to accept service of process through its registered agent at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

11.      Upon information and belief, Defendant Resurgent uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due to another.

12.      Defendant CACH is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with a principal place of business of 55 Beattie Drive, Greenville, South Carolina 29601, and an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

13.      Upon information and belief, Defendant CACH uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

## CLASS ALLEGATIONS

14.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15.    The Class consists of:

    a.   all individual consumers with addresses in the State of New Jersey;

    b.   to whom Defendant First National sent a collection letter attempting to collect a consumer debt;

    c.   and to whom Defendant First National failed to send verification after the debt was disputed;

    d.   to whom Defendant Resurgent sent a debt verification letter;

    e.   in which the Defendants herein were attempting to collect on a judgment where interest, costs, and/or fees were still accruing on the judgment, but the letters and/or notices failed to advise that the balance was subject to increase; and

    f.   in which the Defendants' letters alleged a total amount due and that was inconsistent with the prior judgment obtained;

    g.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

16.    The class definitions may be subsequently modified or refined.

17.    The identities of all class members are readily ascertainable from the records of Defendant First National and Defendant Resurgent and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

18.    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

19.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant First National's written communications to consumers and Defendant Resurgent's written communications to consumers, in the forms attached as Exhibit A and Exhibit B respectively, violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

20.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

21.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.     **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.     **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant First National's written communications to consumers and Defendant Resurgent's written communications to consumers, in the forms

attached as Exhibit A and Exhibit B respectively violate 15 U.S.C. §§ 1692e.

1692f, and 1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members.

The Plaintiff and all members of the Plaintiff Class have claims arising out of the

Defendant First National's and Defendant Resurgent's common uniform course

of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the

class members insofar as Plaintiff has no interests that are adverse to the absent

class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions. Neither the Plaintiff nor his counsel have

any interests which might cause them not to vigorously pursue the instant class

action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair

and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that

individual actions would engender.

22.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure

is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

23.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25.     Prior to August 26, 2021, a debt obligation was allegedly created to the original creditor, Bank of America, N.A. (hereinafter "BOA").

26.     Upon information and belief, BOA sold the defaulted debt to CACH of New Jersey, LLC (hereinafter "CACH of NJ").

27.     The principal purpose of CACH of NJ is the collection of debts which are allegedly in default at the time it purchases the debts.

28.     On or about May 18, 2010, CACH of NJ obtained a judgment against Plaintiff for the BOA obligation in the Superior Court of New Jersey, Bergen County, Special Civil Part, Docket No.: DC-010528-10.

29.     At the time that CACH of NJ obtained the judgment against Plaintiff, it was represented by the law firm of Fein, Such, Kahn & Shepard, PC.

30.     The judgment obtained against Plaintiff for the BOA obligation was calculated as follows:

| | |
|---|---|
| Judgment amount: | $10,472.71 |
| Costs & Attorney Fees: | $281.45 |
| Additional Costs: | $46.72 |
| Total: | $10,800.88 |

31.    The attorney fee assessed on the judgment was done so in accordance with N.J.S.A. 22 A:2-42: "[t]here shall be taxed by the clerk of the Superior Court, Law Division, Special Civil Part in the costs against the judgment debtor, a fee to the attorney of the prevailing party, of five per centum (5%) of the first five hundred dollars of the judgment and two per centum (2%) of any excess thereof." ("Statutory Attorney Fee").

32.    Upon information and belief, at some time before August 26, 2021, the BOA obligation was allegedly purchased by and/or sold to Defendant CACH.

33.    Upon information and belief, Defendant CACH hired Defendant First National, a debt collector, to act as their agent in collecting the subject debt from the Plaintiff.

34.    Upon information and belief, Defendant CACH separately hired Defendant Resurgent, a debt collector, to also act as their agent in collecting the subject debt from the Plaintiff.

35.    The alleged debt was incurred as a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), specifically a personal credit card.

36.    Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

37.    The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

38.    The subject obligation is consumer-related and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

39.   Upon information and belief, Defendant CACH purchased the subject debt when the debt was alleged to be in default and is therefore a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

40.   Upon information and belief, Defendant First National was contracted for the purpose of collecting the subject debt on behalf of Defendant CACH. Therefore, Defendant First National is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

41.   Upon information and belief, Defendant Resurgent was contracted for the purpose of collecting the subject debt on behalf of Defendant CACH. Therefore, Defendant Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

*Violation – August 26, 2021 Collection Letter*

42.   On or about August 26, 2021, Defendant First National sent the Plaintiff a collection letter regarding the alleged debt originally owed to BOA. (**See Exhibit A.**)

43.   The August 26, 2021 letter notes a judgment had been obtained on May 18, 2010 under Docket Number DC-010528-10.

44.   Within that August 26, 2021 letter, Defendant First National provides the following information regarding the balanced alleged to be due pursuant to the above-referenced judgment:

Current balance:   $11,721.95
Principal:         $10,930.45
Interest:             $684.50
Costs:                $107.00

45.   The letter does not have any specific information regarding the interest that is alleged to be due and owing nor does it specify to what the alleged costs relate.

46.   The amount sought within the August 26, 2021 letter includes the Statutory Attorney Fee.

47.     The Statutory Attorney Fee assessed pursuant to N.J.S.A. 22A:2-42 "is tied to the successful prosecution of suit in the county district court, and is **payable directly to the attorney.** As a taxed cost of litigation, it is in the nature of a statutorily authorized penalty against the judgment debtor, saddling him with **the burden of compensating the creditor's attorney** for the latter's litigational duties." *See Scioli v. Goldman & Warshaw, P.C.,* 651 F. Supp. 2d 273 (D.N.J. 2009) (emphasis added).

48.     Within one year of the complaint, Defendant First National and Defendant CACH made demands for payment from Plaintiff which included an amount for the Statutory Attorney Fee.

49.     Within one year of the complaint, Defendant First National and Defendant CACH asserted that the Statutory Attorney Fee was owed to CACH directly.

50.     The Statutory Attorney Fee is owed to and is the property of the creditor's attorney and not the creditor.

51.     Within one year of the complaint, Defendant First National and Defendant CACH made a demand for an amount in which it alleged a principal that varied from the amount of an alleged prior judgment against Plaintiff.

52.     The August 26, 2021 letter does not advise that the alleged debt is subject to increase by court costs and/or fees.

53.     The August 26, 2021 letter does not itemize or breakdown the amount of the debt by attorney fees, other costs, and/or credits.

54.     On September 5, 2021, Plaintiff responded to the August 26, 2021 letter advising that he disputed the debt and requested validation of the same.

55.    Within the September 5, 2021 dispute letter, Plaintiff requested, among other things, an explanation as to what the debt related to, how the total was calculated, documentation to show that the Plaintiff was obligated to pay the same, and a copy of any judgment that may have been obtained previously.

*Violation II – September 20, 2021 Dispute Response Letter*

56.    In response to his dispute letter, Plaintiff received a response from Defendant Resurgent dated September 20, 2021.

57.    This letter fails to reference the initial letter sent by Defendant First National and fails to advise as to who Defendant Resurgent is or how it allegedly relates to the alleged debt.

58.    Once again, that letter states that Plaintiff owes $11,721.95 to Defendant CACH.

59.    Enclosed with the September 20, 2021 correspondence in response to Plaintiff's request, was a single piece of "verification" documentation provided which was a "Judgment Search Result Details" printout from the New Jersey e-courts system.

60.    According to said documentation, the judgment was in the amount of $10,472.71, with an additional $57.00 in court costs, and an attorney's fee in the amount of $224.45, for a total amount of $10,987.45.

61.    Based on the documentation provided by Defendant Resurgent in response to Plaintiff's dispute letter and request for verification, it is apparent that the amount stated as owed is incorrect and thus deceptive.

62.    Specifically, the letters fail to properly inform the consumers as to how much is owed as the August 26, 2021 letter indicates that there is a principal amount owed of $10,930.45, yet the judgment that was actually obtained does not contain that figure in any respect.

63.    The September 20, 2021 letter further is misleading and deceptive in that it causes confusion as to whom is contracted with Defendant CACH for debt collection purposes and thus to whom Plaintiff should direct future correspondence and communication with regard to the alleged debt and Plaintiff's response to the same.

64.    The foregoing communications are the type of debt collection letters, and overall debt collection practices, that the FDCPA intends to eliminate:

  a.    That which uses false, deceptive and misleading information to collect a debt;

  b.    That which threaten to take any action that cannot legally be taken or that is not intended to be taken;

  c.    That which use unfair or unconscionable means to collect or attempt to collect any debt

  d.    That which makes a false or misleading representation of the character or amount of the debt; and

  e.    That which fails to effectively convey the amount of the debt.

65.    As a result of Defendants' various violations of the FDCPA, the Plaintiff incurred an informational injury as Defendant misstated the nature, character, and amount of the debt, while creating confusion as to the proper entity to contact regarding a possible payoff for the same.

66.    Additionally, the Plaintiff became fearful that this debt would continue to get larger and he would incur further difficulty in paying such debt, particularly in light of the fact that the initial collection letter indicated that interest was accruing, but improperly stated, at a minimum, the principal amount owed.

67.     However, Plaintiff was unable to effectively respond to Defendants' collection efforts as he was unsure which entity to trust and how much would satisfy his debt in full.

68.     Therefore, Plaintiff had to spend time and money researching how to handle this debt.

69.     He spoke to people he knew about the debt, tried to discern how much, if any, of an obligation he was required to pay and to which entity.

70.     As a result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

71.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

73.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74.     Defendants violated §1692e:

   a.   Falsely representing the amount of the debt in violation of § 1692e(2)(A);

   b.   Deceptively responding to Plaintiff's dispute from Defendant Resurgent Capital Services without any explanation as to what that entity had to the collection of the underlying alleged debt;

   c.   Failing to effectively convey the amount of the debt;

d. Falsely alleging an entitlement to and separately making an improper demand for an amount that included the Statutory Attorney Fee for which Defendant CACH was not entitled;

e. Using false, deceptive, and/or misleading representations or means in connection with their attempts to collect debts;

f. Not disclosing that the amount allegedly due included an amount for attorney's fees;

75. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

76. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

77. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

78. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

79. Defendants violated this section by

a. Attempting to collect an amount that is not expressly authorized by the agreement creating the debt or by law in violation of § 1692f; and

b. Unfairly changing the entity responding to Plaintiff without any explanation.

14

80.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

<u>COUNT III</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692g *et seq.***

81.     Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

82.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692g.

83.     Pursuant to 15 U.S.C. § 1692g:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy

of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector… Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

84. Defendants violated this section by:

a. Sending an initial correspondence to Plaintiff in response to his dispute filed with the prior debt collector but failed to ever advise Plaintiff of his statutory rights as required;

b. Failing to respond to Plaintiff's dispute and failing to provide the verification as demanded and required by law;

85.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants'
conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs,
and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

86.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests
a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Raymond Roosa, demands judgment from Defendant First National,
Defendant CACH, and Defendant Resurgent as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying
Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and
expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem
just and proper.

Dated: December 10, 2021                           Respectfully Submitted,


                                                   **STEIN SAKS, PLLC**
                                                    **/s/ Yaakov Saks**
                                                   Yaakov Saks, Esq.
                                                   1 University Plaza, Suite 620
                                                   Hackensack, NJ 07601
                                                   Ph:  201-282-6500

Fax: 201-282-6501
ysaks@steinsakslegal.com
*Counsel for Plaintiff*